968 F.2d 1219
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
UNITED STATES of America, Plaintiff/Appellee,
v.
Carlos ROLDAN, Defendant/Appellant.
 No. 91-2139.
 United States Court of Appeals, Seventh Circuit.
 Submitted June 16, 1992.*
Decided June 29, 1992.
 
 Before CUDAHY, COFFEY, Circuit Judges and FAIRCHILD, Senior Circuit Judge.
 
 ORDER
 
 1
 Carlos Roldan was convicted of possession with intent to distribute less than fifteen kilograms of cocaine, 21 U.S.C. § 841(a)(1), and sentenced under the Federal Sentencing Guidelines. Roldan argues that the sentencing court considered cocaine transactions that were unrelated to the offense of conviction when it calculated his base offense level. We find the calculations appropriate and affirm.
 
 I. BACKGROUND
 
 2
 On April 12, 1990, Angel Rios, a government informant and former drug dealer, arranged a cocaine transaction with Roldan. Pursuant to their deal, Rios met Roldan at a Chicago gas station and transferred him slightly less than fifteen kilograms of cocaine. Rios did not demand immediate payment for the cocaine, but "fronted" it to Roldan until Roldan received payment from his own customers. Shortly after the deal, Roldan was arrested and charged with possession of cocaine with intent to distribute.
 
 
 3
 At Roldan's jury trial, Rios testified both about the April 1990 transaction and about transactions occurring between 1987 and 1989. Rios sold Roldan 29 kilograms in 1987, between 29 and 40 kilograms in 1988, and 5 kilograms in 1989. All of these transactions occurred in Chicago with Rios fronting the money until Roldan could pay.
 
 
 4
 Because of the similarities between the earlier sales and the offense of conviction, the court considered all the sales part of the same course of conduct. The court, therefore, added the amount of cocaine from the uncharged deals to that from the charged offense to determine Roldan's base offense level. See U.S.S.G. § 1B1.3. This increased Roldan's base offense level from 32, the appropriate level for less than fifteen kilograms, to 36, the level for 50 to 150 kilograms.
 
 II. ANALYSIS
 
 5
 A district court must increase a defendant's base offense to account for "relevant conduct." Relevant conduct includes earlier drug transactions that the court has determined by a preponderance of the evidence "were part of the same course of conduct or common scheme or plan" as the offense of conviction. U.S.S.G. §§ 1B1.3(a)(2), 3D1.2(d); United States v. Duarte, 950 F.2d 1255, 1263 (7th Cir.1991). To determine whether actions were part of the same course of conduct, the district court must look for similarities in the location, timing and participants. United States v. Caicedo, 937 F.2d 1227, 1236 (7th Cir.1991); United States v. Ebbole, 917 F.2d 1495, 1496 n. 3 (7th Cir.1990); United States v. White, 888 F.2d 490, 491 (7th Cir.1989). The district court's findings will not be overturned unless clearly erroneous. United States v. Vopravil, 891 F.2d 155, 157 (7th Cir.1989).
 
 
 6
 In Roldan's case, the district court's inclusion of cocaine from earlier transactions was not clearly erroneous. All the transactions occurred in the Chicago, and involved the same participants, Roldan and Rios. They also were conducted in a similar manner, with Rios fronting the cocaine to Roldan. These similarities allowed the district court to find a single course of conduct by a preponderance of the evidence.
 
 
 7
 Roldan disagrees, arguing that the district court relied only on Rios' testimony despite its lack of credibility. According to Roldan, "Rios' own testimony painted his character as a dishonest, opportunistic, and a deceptive drug dealer." Roldan also claims that Rios forgot some exact dates and drug quantities.
 
 
 8
 Neither of these contentions allows us to discredit Rios' testimony. This court "will not weigh the evidence or assess the credibility of the witnesses." United States v. Harty, 930 F.2d 1257, 1266 (7th Cir.), cert. denied, 112 S.Ct. 262 (1991). This is the function of the district court, whose determinations are upheld unless it credits testimony that is "unbelievable on its face." Id. Testimony is not unbelievable on its face simply because a witness has a criminal record or cannot remember details.
 
 
 9
 Roldan also contends that the 1987, 1988 and 1989 deals were unrelated to the 1990 transaction. He points to the long time span between 1987 and 1990 and to a sixteen-month lapse of time when he had no dealings with Rios. Roldan also argues that there is no evidence that he sold the cocaine to common customers or that Rios received it from a common supplier.
 
 
 10
 These facts make Roldan's case similar to United States v. Nunez, No. 91-2752, slip op. (7th Cir. March 25, 1992). In Nunez, the defendant supplied cocaine to Randy Long from 1986-88 and again in 1990. Id. at 3. Despite the time lapse, the district court considered the 1986-1988 transactions part of the same course of conduct as the 1990 offense. We affirmed, based only on the identity of the two major parties.
 
 The judgment of the district court is
 
 11
 AFFIRMED.
 
 
 
 *
 After preliminary examination of the briefs, the court notified the parties that it had tentatively concluded that oral argument would not be helpful to the court in this case. The notice provided that any party might file a "Statement as to Need of Oral Argument." See Fed.R.App.P. 34(a); Cir.R. 34(f). No such statement having been filed, the appeal has been submitted on the briefs